IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 7, 2008

Charles R. Fulbruge III
Clerk

No. 04-11015
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

V.

FREDERICO GONZALEZ, also known as Viejon

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
No. 3:03-CR-329

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Frederico Gonzalez appeals his guilty-plea conviction and sentence for conspiracy to distribute and possession with the intent to distribute various controlled substances and conspiracy to launder monetary instruments. Finding no error in his conviction, we affirm the conviction. However, for the reason set forth below, we vacate his sentence and remand for resentencing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gonzalez first attacks his conviction, arguing that the district court violated FED. R. CRIM. P. 11(c)(5) by purportedly rejecting his plea agreement without informing him that his guilty plea could be withdrawn. After reviewing the record, however, it is clear that there was no plea agreement for the district court to reject. What Gonzalez points to as a "plea agreement" was merely his counter offer to the government's plea offer. Although the government never accepted the terms of this counter-offer, Gonzalez filed it with the district court. Because of this, the district court struck the document and Gonzalez conceded during his rearraignment that he never had an agreement with the government. Accordingly, the district court did not err in accepting Gonzalez's guilty plea and thus, we AFFIRM his conviction.

Gonzalez does raise colorable claims regarding the propriety of his sentence, however. He argues that his sentence, which the district court imposed prior to the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), is unconstitutional in light of that decision. He also contends that the district court erred in its determination of the quantity of drugs attributable to him and in applying various enhancements to his sentence.

Gonzalez preserved his claim that he should have been sentenced under non-mandatory Guidelines by objecting under Blakely v. Washington, 542 U.S. 296 (2004), see United States v. Olis, 429 F.3d 540, 543-44 (5th Cir. 2005), and the government concedes that it cannot show that this error was harmless. See United States v. Pineiro, 410 F.3d 282, 286 (5th Cir. 2005). It is clear that the district court treated the Guidelines as mandatory, and nothing in the record indicates that the court would have imposed the same sentence under an advisory Guidelines system. Where, as here, a Booker error has been preserved in the district court and this court cannot say that the error is harmless, this court "will ordinarily vacate the sentence and remand" for resentencing. Id. at 284 (internal quotation mark and citation omitted).

As this case must be remanded for resentencing, we decline to address Gonzalez's particular claims concerning the quantity of drugs attributable to him and the enhancements applied to his sentence. Instead, we "leave to the discretion of the district court, whether in its discretion, it will impose the identical sentence with the identical departures or enhancements, or both." United States v. Akpan, 407 F.3d 360, 377 n.62 (5th Cir. 2005). To the extent that these claims remain relevant after resentencing, Gonzalez may pursue them in a subsequent appeal.

Gonzalez's sentences on both counts are VACATED and the case is remanded for resentencing under Booker. Gonzalez's motions to proceed pro se and to relieve counsel are DENIED as untimely. Counsel's motion to withdraw is likewise DENIED.